## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Derrick L. Johnson | ) | |
| Petitioner | ) | |
| | ) | 0 7 - 0 1 1 |
| v. | ) | Case No. _____ |
| | ) | |
| Thomas Carroll, Warden | ) | |
| Delaware Correctional Center; | ) | |
| And Carl Danberg, Acting | ) | **Evidentiary Hearing Requested** |
| Attorney General, Department of | ) | |
| Justice, State of Delaware | ) | |
| Respondents | ) | |

## FIRST AMENDED PETITION IN SUPPORT OF 2254 PETITION
## FOR A WRIT OF HABEAS CORPUS OF DERRICK L. JOHNSON

Petitioner, Derrick L. Johnson, Pro Se avers as follows:

FILED

JAN -8 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### I.    PARTIES

1.  Derrick L. Johnson, Petitioner herein, is confined at the Delaware Correctional Center, near Smyrna, Delaware. The Grand Jury indicted Derrick L. Johnson in July, 1983, charging him with First Degree Murder, First Degree Conspiracy and Possession of a Deadly Weapon During The Commission of a Felony; **Super. Ct. ID 83004982**. Petitioner (hereafter Johnson) entered into a plea offer made by the State to Second Degree Murder (**Del. Code Ann. Tit. 11, Section 635 (Repl. 1979)**), and he was sentenced to life imprisonment with the possibility of parole.

2.  Respondent Thomas Carroll is the Warden of the Delaware Correctional Center, near Smyrna, Delaware.

3.  Carl Danberg is the Attorney General of the State of Delaware.

## II.    JURISDICTION

4.    The United States District Court has jurisdiction over this petition for a writ of habeas corpus pursuant to **28 U.S.C. Section 2254 and 1331.** Petitioner is in custody pursuant to a judgment of a Delaware State Court, and seeks relief on the ground that his imprisonment and sentence are in violation of his rights under the United States Constitution.

## III.    VENUE

5.    Venue is proper in the United States District Court for the District of Delaware because Johnson's conviction was obtained in the New Castle County Superior Court in Wilmington, Delaware. See **28 U.S.C. Section 2241(d)**.

## IV.    PROCEDURAL HISTORY

6.    The Grand Jury indicted Derrick L. Johnson in July of 1983, charging him with First Degree Murder, First Degree Conspiracy and Possession of a Deadly Weapon During the Commission of a Felony. **Super. Ct. ID 83004982**.

7.    The State offered Johnson a plea agreement in June of 1984 to Second Degree Murder **(Del. Code Ann. Tit. 11, Section 635 (Repl. 1979))** and he was sentenced to life imprisonment with the possibility of parole.

8.    In August of 2005, Johnson moved to correct his sentence in the New Castle County Superior Court for the State of Delaware pursuant to **Superior Court Criminal Rule 35(a)** based upon violation of his rights under State Law and the United States Constitution. The New Castle County Superior Court summarily denied the Motion without holding an Evidentiary Hearing.

9.    Johnson appealed the summary dismissal of his **Rule 35(a)** Motion to Correct
      Sentence to the Supreme Court of the State of Delaware.

10.   On post conviction appeal, the Respondents alleged that the Superior Court
      decision was correct, based upon the withdrawal of the November 2004 decision
      in **Evans v. State** by an opinion issued by the Supreme Court of Delaware on
      April 11, 2005 in **Evans v. State, 872 A.2d 539, 558 (Del. 2005)**.

11.   According to Respondents, under **Evans**, Johnson's good time credits only
      applied to his natural life sentence for purposes of accelerating his parole
      eligibility date; and that Johnson is not eligible for conditional release and must
      remain incarcerated until his death, unless he is granted parole.

12.   By **ORDER** dated January 24, 2006, the Supreme Court of Delaware affirmed the
      judgment of the Superior Court based upon its decision in **Evans v. State, 872
      A.2d 539 (Del. 2005)** (withdrawing its original decision in **Evans v. State, 2004
      W.L. 2743546 (Del. Nov. 23, 2004)**).

## V.    GROUNDS FOR RELIEF

      Johnson contends that his conviction and sentence is contrary to the Constitution
Of the United States for the following reasons:

### CLAIM 1

**THAT STATE'S APPLICATION OF THE EVANS V. STATE
RULING RETROSPECTIVELY TO ENHANCE JOHNSON'S
SENTENCE CONSTITUTES AN EX POST FACTO – LIKE
VIOLATION OF DEFENDANTS FOURTEENTH AMENDMENT
RIGHTS TO DUE PROCESS UNDER THE UNITED STATES
CONSTITUTION.**

13.   The Defendant (hereafter Johnson) asserts that the State's retroactive application
      of the Delaware Supreme Court's decision in **Evans v. State, 872 A.2d 539 (Del.**

**2005)** operates as an increase in punishment violating the **Ex Post Facto Clause** and the Fourteenth Amendment Due Process Clause of the United States Constitution.

14. Simply put, the State's application of **Evans v. State, supr.**, retrospectively to increase his sentence from a maximum 45 year fixed term to an irreducible natural life term of imprisonment constitutes an ex post facto-like violation of Johnson's Fourteenth Amendment rights to Due Process.

15. In June of 1984, Johnson accepted a plea agreement offered by the State to Second Degree Murder and, as punishment, was sentenced to a fixed term of 45 years. See attached Department of Corrections Status Sheet dated 6/19/84. As a result of a Ruling in the Delaware Supreme Court, **Evans v. State, supra,** the State held that: "Under **Evans**, Johnson's good time credits only applied to his natural life sentence for purposes of accelerating his parole eligibility date. Accordingly, Johnson is not eligible for conditional release and must remain incarcerated until his death, unless he is granted parole" **Evans, 872 A.2d at 558.** See **State's Motion to Affirm, Appeal No. 503, 2005**.

16. Initially, on August 5, 2005 Johnson filed a Motion for Correction of Sentence pursuant to **Superior Court Criminal Rule 35(a)**, relying on **Crosby v. State, 824 A.2d 894 (Del. 2003)**; **Evans v. State, No. 67, 2004 (Del. Supr. November 23, 2004) (Opinion Withdrawn) 2004, WL2743546 at 1.; and State Law, 11 Del. Code Sections 4346(c); 4348 and 4381.** The Superior Court summarily denied the Motion. Subsequently, on J̶ᴀ̶ᴠ̶,̶ ᴀ̶ᴙ̶,̶ ᴀ̶ᴏ̶ᴏ̶ᴄ̶ , the Delaware Supreme Court affirmed the dismissal of the Superior Court in Appeal No. 503, 2005, on the decision of **Evans v. State, 872 A.2d 539 (Del. 2005)**.

17. **Article I, Section 10 of the United States Constitution** prohibits a state from enacting any ex post facto law and may not, by its own terms, apply to judicial decisions such as **Evans v. State, 872 A.2d 539 (Del. 2005)**. Nevertheless,

4

judicial decisions such as **Evans v. State**, above-referenced, may have the effect of ex post facto legislation and thus are found to violate defendant's rights to due process under the **Fourteenth Amendment.**

18.    Johnson thus asserts that the State's retroactive application of **Evans v. State, 872 A.2d 539 (Del. 2005)** to increase his sentence imposed in 1984 from a maximum 45 year fixed term to an irreducible natural life sentence constitutes an ex post facto-like violation of Johnson's Fourteenth Amendment Rights to Due Process under the United States Constitution and constitutes an unforeseeable judicial construction in violation of Johnson's Fourteenth Amendment Rights to Due Process under the United States Constitution.

19.    This is so because in **Bouie v. City of Columbia, 378 U.S. 347, 12 L.Ed.2d 894, 84 S.Ct. 1697 (1964)**, the United States Supreme Court held that:

> "An unforeseeable judicial enlargement of criminal statute, applied retroactively, operates precisely like an ex post facto law, such as Article 1, Section 10 of the Constitution forbids. An ex post facto law has been defined by this Court as one "that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action," or "that aggravates a crime, or makes it greater than it was, when committed." **Calder v. Bull, 3 U.S. 386, 3 Dall. 386, 390, 1 L.Ed 648 (footnote omitted).** If a State legislature is barred by the ex post facto clause from passing such a law, it must follow that a State Supreme Court is barred by the due process clause from achieving precisely the same result by judicial construction." **378 U.S. at 353**.

20.    By comparison, the due process approach set forth in **Bouie**, above referenced, was adopted by the Delaware Supreme Court in **State v. Dickerson, Del. Supr., 298 A.2d 761 (1973)**. In **Dickerson**, the Court held that "Indirectly, via the due process clause of the Fourteenth Amendment, the spirit of the ex post facto guaranty, and the resultant ban against the retrospective increase of punishment for a crime, is made to apply as a prohibition against judicial action having such effect." **Id at 768**.

5

21.    Johnson further asserts that, applying the due process analysis of **Dickerson** and **Bouie** to the facts of this case, he was denied due process by the State's decision to give retrospective effect to **Evans v. State, 872 A.2d 539 (Del. 2005)** to increase his sentence imposed in 1984 from a maximum 45 year fixed term of imprisonment to an irreducible natural life term of imprisonment. In the interest of fundamental fairness, Johnson's so-called natural life sentence must be limited to a fixed term of 45 years under clearly established law.

22.    In addition, two inquiries are critical to a determination of a due process violation based on an **"Evans, 2005"** ex post facto – like judicial ruling: (1) whether the judicial action "aggravates a crime, or makes it greater than it was when committed", **Bouie v. City of Columbia, 378 U.S. 347, 353, 12 L.Ed.2d 894, 84 S.Ct. 1697 (1964) (citing Calder v. Bull, 3 U.S. 386, 3 Dall. 386, 390, 1 L.Ed. 648 (1798)**; and (2) whether the judicial ruling was "unforeseeable." **Bowie, supra, at 553.** Therefore, it seems clear that a due process violation under **Bowie** and **Dickerson, supra,** occurs whether result of a judicial ruling, accord **Evans, 2005,** enhances the punishment for a previously committed crime, which in Johnson's case occurred in 1984, some twenty-one years prior to the **Evans, 2005** decision.

23.    As the Supreme Court stated in **Bouie**, "...if the result...were attained by an exercise of the State's legislative power, the transgression of the 14th Amendment would be obvious" and the violation is none the less clear when the result is accomplished by the State judiciary in the course of construing an otherwise valid...State statute." **378 U.S. at 355 (emphasis added).** The Delaware Supreme Court's ruling in **Evans v. State, 872 A.2d 539 (Del. 2005)** was unexpected and indefensible such that it afforded the due process principle of fair warning articulated in **Bouie** and its' progeny. **Evans v. State** is an exercise of the sort of unfair and arbitrary judicial action against which the due process clause aims to protect. It is a marked and unpredictable departure from prior precedent.

6

The Court's decision was sparked by a media frenzy and an uproar in the State legislature and by the Attorney General and the Governor, over the concern that a wave of over two-hundred violent criminals would be set loose upon the good people of the State of Delaware, and although it has nothing to do with the rule of law, demonstrates the propensity of mob rule to disregard the liberties enshrined in our most sacred Constitutional documents in the name of "security".

24.    Johnson asserts that the Delaware Supreme Court's ruling in **Evans v. State, 2005** and it's construction of the statutes at issue, infra, is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, that the judicial construction must not be given retroactive effect. Simply put, the Court's ruling is so clearly at odds with the Statute's plain language and has no support in prior Delaware decisions. As such, Johnson asserts that the Delaware Criminal Code did not give him fair warning at the time of his conduct... that the act for which he now stands convicted and sentenced proscribed a natural life sentence. Due process bars court's from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its' scope. The **Evans, 2005** ruling constitutes vindictive or arbitrary judicial lawmaking that is unjustified and unpredictably breaks with prior law.

25.    The first reference to the law that Johnson cites was made quite clear by the 1964 Delaware General Assembly by Statute included **11 Del. C. Sec. 4346(c)** to give defendants a fixed term of 45 years. It would not be possible to serve one third of a life sentence nor could a life sentence be reduced by merit and or good time credits. As the Delaware Supreme Court has held, the 1964 General Assembly clearly intended those defendants sentenced under **Section 4346(c)** to serve a fixed term of 45 years. Again, on February 15, 1974, ten (10) years later, the Delaware Supreme Court held in **Smith v. State, 317 A.2d 20**, that "for all purposes, a person sentenced to imprisonment for life shall be considered as having been sentenced to a fixed term of forty-five years." **Id at page 5**. Then

7

again, on June 19, 1984, Johnson's Department of Correction Sentence Status Report states that Johnson's sentence is computed on a total of 47 years and 6 months. Johnson was serving the remainder of a 2-1/2 year sentence for another offense prior to his plea agreement in June of 1984 to Second Degree Murder, **11 Del. C. Sec. 635**.

26. Then in yet another case in 1989, in **Brown v. Redman, Mem. Opin., Civil Action No. 89-574**, in the United States District Court for the District of Delaware, the Honorable Joseph J. Farnan, Jr., defined the defendant's life sentence to mean a fixed term of 45 years. See also, letter from Public Defender of the State of Delaware dated September 16, 1985 defining life as a 45 year term; see also letter from Superior Court of the State of Delaware dated August 31, 1994 defining life sentence as a 45 year term. Then on June 30, 1990, to be sure, the Delaware General Assembly by amending the Delaware Code implicitly recognized that before the Truth In Sentencing Act of 1989, a life sentence was not for a person's natural life, but rather for a 45-year term.

27. The Delaware Supreme Court's February 3, 2005 ruling in **Evans v. State**, questioned if the **Evans** appeal should be controlled by **Jackson v. Multi-Purpose Criminal Justice Facility, 700 A.2d 1203 (Del. 1997)** or **Crosby v. State, 824 A.2d 894 (Del. 2003)**. The focus in **Jackson** was inmates serving a parolable life sentence. The issue was, "could" those inmates earn merit good time? The Court held they could not. However, it is clear by statute a prisoner serving a fixed term of 45 years can earn good time and merit good time unless he or she is sentenced under **11 Del. C. Sec. 4214(a)** which limits earning time off to merit good time. That question was answered clearly by the Delaware Supreme Court in two en banc decisions. Johnson, by statute, is serving a fixed term of forty-five years. The statute was made law in 1964. In **Crosby, 2003** and **Evans, 2004** the Delaware Supreme Court held en banc that persons (including Class A Felons) sentenced under **Sec. 4346(c)** were to serve a fixed term of 45 years. Since Johnson is not serving a life sentence, **Jackson, 1997** should have no effect

8

in this case. The Delaware Supreme Court's decision must be controlled by it's holding that a life sentence was to be considered a fixed term of 45 years under **Section 4346(c)** and subject to conditional release pursuant to **Section 4348, 11 Del. Code.**

28. **Jackson** attempted to use **Section 4346(c)** as a number only to calculate a parole eligibility date and a conditional release date. **Jackson** argued that he was serving a life sentence. **Jackson** failed to argue **Section 4346(c)** required the Department of Corrections to consider his sentence as a fixed term of forty-five years. In **Crosby**, the Superior Court held **Section 4346(c)** required the Department of Corrections to consider **Crosby's** sentence as a fixed term of 45 years with a right to earn merit good time off the 45-year sentence. The Delaware Supreme Court agreed en banc. Thus, the Court, en banc, once again held that the appellant was in fact serving a fixed term of forty-five years and could receive good time and merit credit good time off his max-out date and be released on conditional release.

29. Johnson's so-called natural life sentence is a fixed term of 45-years. **Crosby** overruled **Jackson**. The last sentence of the Delaware Supreme Court's 2003 en banc opinion in **Crosby v. State** reads as follows:

> "The Clerk of this Court is also directed to transmit a copy of
> this Opinion to the Attorney General, Public Defender and
> Department of Correction so that any inmate serving a life sentence
> That is affected by this Opinion can have it calculated on the basis of
> A fixed term of 45 years with appropriate good time credit."

**Crosby, 824 A.2d at 914.** This statement was more than just a reference to inmates serving **Section 4214(a)** Habitual Offender Life Sentences. The words "any inmate serving a life sentence" clearly include all life sentences. In the Appendix to **Crosby** Opinion, the Court identified numerous cases with **Section 4214(a)** sentences, none of which were life sentences. The absence of any **4214(a)** life sentences, other than **Crosby's**, makes clear the Court's

9

reference to "any inmate serving a life sentence" intended to include pre-Truth-In-Sentencing (TIS) sentences for Class A Felonies.

30.    The last sentence in **Crosby** was a reference to all inmates actually "**affected**" by the Court's opinion. Prior to the **TIS** Act, the "Class A" Felonies were First and Second Degree Murder, First Degree Rape (subsequently amended to First Degree Unlawful Sexual Intercourse), First Degree Kidnapping and Attempted Murder. See **TIS, 67 Del. Laws c., 130.** The statement and the directive to the Court Clerk made in the last sentence of the **Crosby** Opinion, **824 A.2d at 914**, provided a remedy. The directive was a grant of relief to those inmates negatively affected by the Court's prior precedent in **Jackson v. Multi-Purpose Criminal Justice Facility**, which was overruled. In **Crosby, 2003** the Delaware Supreme Court held, reading see **4346(c)** and **4348** in pari materia, **Section 4348** incorporates **Section 4346(c)**'s definition of a life sentence as a fixed term of 45 years. To the extent that **Jackson** is inconsistent with this opinion, it is overruled. **Crosby, 824 A.2d at 899** (emphasis supplied).

31.    A judicial decision is overruled "when a later decision, rendered by the same court…expresses a judgment upon the same question of law directly opposite to that which was before given, thereby depriving the earlier opinion of all authority as a precedent." **Black's Law Dictionary 1105 (6th Ed. 1990)**. This is exactly what **Crosby** did; it expressed a judgment on the controlling issue, i.e., whether Delaware's conditional release statute, **11 Del. C. Section 4348** incorporates the parole statute's definition of a life term as a fixed term of 45 years, **11 Del. C. Section 4346(c)**. The decision in **Crosby** is directly opposite to the decision in **Jackson**. There is no language in **Crosby** suggesting that **Jackson** was overruled solely to the extent necessary to reconcile **Jackson** with life sentences imposed pursuant to **11 Del. C. Section 4214(a)**. Such an interpretation is specious. As the Delaware Supreme Court itself stated on November 23, 2004 in it's original decision in **Evans**, "there is no principled way to read **Crosby** as limited to

**Section 4214(a)** life sentences." **Evans v. State,** _____ **A.2d** _____ **, No. 67, 2004 (Del. November 23, 2004) at p.3.**

32.    The Delaware Supreme Court's decision in **Evans v. State, 872 A.2d 539 (Del. 2005),** has abandoned the principle underlying the Court's opinion in the **Evans 2004** ruling by ignoring the clear legislative history of the 1964 statutes at issue here and the logical reasoning upon which the **Crosby** opinion is based. Therefore, the retroactive application of the Court's **Evans v. State, 872 A.2d 539 (Del. 2005)** ruling was clearly "unexpected and indefensible" by reference to the law which had been expressed prior to the conduct in issue. In essence, applying **Evans, 2005** to Johnson violates the principle of fair warning and hence, must not be given retroactive effect because it was unexpected and indefensible by reference to the law, which had been expressed prior to the conduct in issue.

## CLAIM 2

**THE STATE'S APPLICATION OF THE EVANS V. STATE RULING TO ELIMINATE JOHNSON'S ACCRUED MERIT AND GOOD TIME CREDITS AND RIGHT TO CONDITIONAL RELEASE WAS UNEXPECTED AND INDEFENSIBLE AND CONSTITUTES AN EX POST FACTO LIKE VIOLATION OF DEFENDANTS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATES CONSTITUTION.**

33.    At the outset, Johnson's procedural due process rights have been violated in violation of the 14th Amendment to the United States Constitution. It is clear by statute a prisoner serving a fixed term of 45 years can earn good time and merit good time unless he or she is sentenced under **Section 4214(a)** which limits earning time off to merit good time. Thus, Johnson is in fact and law serving a fixed term of 45 years. The issue here concerns **11 Del. C. Sections 4346(c) and 4348 and 4346(a). Section 4346(a)** states in pertinent part:

"A person confined to any correctional facility administered

11

> by the Department may be released on parole by the Board if
> he has served 1/3 of the term imposed by the Court, such term
> to be reduced by such merit and good behavior credits as have
> been earned, or 120 days, whichever is greater."

It is clear that **Section 4346(c)** refers to a fixed term of years that can be reduced by merit and good behavior credits, not in conflict, but in support of **Section 4346(a)**. The 1964 General Assembly included **Section 4346(c)** to give defendants such as Johnson a fixed term of 45 years. It would not be possible to serve 1/3 of a life sentence nor could a life sentence be reduced by merit and good behavior credits. In fact, the Delaware Supreme Court itself has held, the 1964 General Assembly clearly intended those defendants sentenced under **Section 4346(c)** to serve a fixed term of 45 years.

34. Johnson's Judgment and Sentencing Order and his Department of Correction Status Sheet gave him a parole eligibility date minus good time. The record shows good time removed from the 45 years, prior to calculating his initial parole date. Now after calculating good time off a 45-year sentence as required by law, **11 Del. C. Sec. 4382**, the amount of good time off 45 years is 13 and ½ years. That would give Johnson a max-out date after 31 and ½ years. This is not a complicated matter. **11 Del. C. Sec. 4346(c)** states, "For all purposes of this section, a person sentenced to imprisonment for life shall be considered as having been sentenced to a fixed term of 45 years." Either the Department of Corrections should consider Johnson's sentence as a fixed term of 45 years, or not; the Statute, **Section 4346(c)** state's it should.

## JUDICIAL EX POST FACTO

35. The United States Constitution, Article I, Section 10, Clause 1, prohibits state and federal legislators from enacting laws that retrospectively punish conduct that was not illegal when committed. The United States Constitution specifically prohibits the government from making retrospective laws or punishments, **U.S.**

12

Constitution, Article 1, Sections 9 and 10; **Kansas v. Hendricks,** 138 L.Ed.2d 501 (1977)(Recent Supreme Court definition of ex post facto); **Carmell v. Texas,** 146 L.Ed.2d 577 (2000)(Analysis). The State's application of **Evans v. State,** 872 A.2d 539 (Del. 2005) to eliminate Johnson's accrued merit and good time credits and right to conditional release and enhancing his 45-year maximum reducible sentence to an irreducible mandatory or natural life sentence was unexpected and indefensible and constitutes a Judicial Ex Post Facto like violation and a violation of Johnson's Fourteenth Amendment right to due process of law under the United States Constitution. The Supreme Court has held that this also applies to the Courts who often interpret a criminal law in a manner which amounts to ex post facto. **Bouie v. City of Columbia,** 378 U.S. 347 (1964); see also **Rabs v. Washington,** 405 U.S. 313 (1972)(overturning conviction because of Washington Supreme Court's broadening sweep of criminal statute).

## CLAIM 3

**THE STATE'S APPLICATION OF THE 1990 AMENDMENTS TO THE TRUTH IN SENTENCING ACT OF 1989 RETROSPECTIVELY TO ENHANCE JOHNSON'S FIXED TERM OF FORTY-FIVE YEARS TO NATURAL LIFE IMPRISONMENT VIOLATED THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AND ALTERNATIVELY THE DUE PROCESS CLAUSE.**

36.     An individual (Johnson) imprisoned by the State of Delaware may challenge an enhanced or illegal sentence on ex post facto or alternative due process grounds by bringing an action for correction of sentence under **Superior Court Criminal Rule 35(a)** at any time in State Court.

37.     Prior to 1990, an inmate could obtain early release in two ways: from the Parole
        Board under **11 Del. C. Section 4346(a)** or by conditional release pursuant to
        **Section 4348**. Release of an inmate on parole under **Section 4346** is a matter of
        discretion for the Parole Board; **Del. Code Ann. Tit. 11 Section 4347(c)**.
        Conditional Release under **Section 4348** is non-discretionary.  If an inmate has
        accumulated sufficient good behavior credits, he or she must be released from
        incarceration on his or her short-term release date, i.e., the maximum period of
        incarceration less accumulated good behavior and merit credits.  The Delaware
        General Assembly has now prospectively abolished parole as a basis for early
        release.  Pursuant to the **Truth-In-Sentencing Act of 1989, ""67 Del. Laws, C.
        130"**, a sentence of Level V incarceration for any crime committed after June 30,
        1990 is no longer subject to the parole provisions of **Section** 4346; see **Del. Code
        Ann. Tit., Sections 4205(j) and** 4354.  Although the 1989 Truth-In-Sentencing
        Act completely eliminated parole, that statutory enactment continues to generally
        permit conditional release for good time credits.

38.     The Delaware Supreme Court, as well as the 1964 General Assembly, clearly
        knew in order for the Department of Correction to comply with **11 Del. C.
        Section 4346(a)**, all inmates would have to be serving a fixed term of
        imprisonment.  **"Shall"** is a mandatory word as it is used in **Section 4346(c)**. The
        General Assembly's enactment of **Section 4381(a)** as part of **TIS**, which
        eliminated good time credits and thus eliminated conditional release for life
        sentences for Class A Felonies, was a reflection of the General Assembly's
        interpretation...that prior to the Truth-In-Sentencing Act of 1990, a life sentence
        for Class A Felonies was considered to be a term of 45 years under **Section
        4346(c)** and subject to conditional release pursuant to **Section 4348**.  If, before
        **TIS**, a life sentence meant natural life, the enactment of **Section 4381(a)** would
        have been unnecessary.  The Legislature's intent in enacting **Section 4381(a)** was
        to change the existing law.  That is, to make it so "a life sentence for Class A
        Felonies would no longer be considered a term of 45 years but would, in fact, be a
        natural life sentence."

14

39.    The Truth-In-Sentencing Act provides that:

> "The enactment of Section **4381(a)** reflects the General Assembly's understanding, consistent with the Supreme Court of Delaware's Opinion in **Crosby v. State, 824 A.2d 894 (2003)** that prior to the Truth-In-Sentencing Act, a life sentence for Class A Felonies was considered to be a term of 45 years under **Section 4346(c)** and subject to conditional release for Class A Felonies, the General Assembly intended that a life sentence for Class A Felonies would no longer be consider a term of 45 years but would in fact be a natural life sentence."

For sure then, all sentences imposed for any offenses other than a life sentence imposed for Class A Felonies may be reduced by earned good time under the provisions of this section and rules and regulations adopted by the Commissioner of Corrections; see **Del. Code Ann. Tit. 11, Section 4381(a)**. Clearly then, this legislative act, **67 Del. Laws, c. 130**, effective July 17, 1989, to take effect with respect to all crimes which are committed as of 12:01 am, June 30, 1990 or thereafter, *repealed* former **Section 4381** and added the present **Section 4381**.

40.    The issue relevant to Johnson's case is that the State's application of the Truth-In-Sentencing Act of 1989-90 retrospectively to enhance his sentence beyond the original imposed 45-year fixed term of imprisonment and to eliminate his accrued good time credits for the purpose of calculating his conditional release makes more onerous Johnson's punishment for the crime he committed before the enactment of the Truth-In-Sentencing Act of 1989-90 and violates the Ex Post Facto Clause, Article I, Section 9, Cl.3, Article I, Section 10, Cl. 1 of the United States Constitution which prohibits a state from enacting any ex post facto law, and/or alternatively violates Johnson's right to due process under the Fourteenth Amendment. The interpretation of the ex post fact clause largely derives from **Calder v. Bull, 3 U.S. (3 Dall.) 386 (1798).** See also, **Miller v. Florida, 482 U.S. 423 (1987),** and **Collins v. Youngblood, 497 U.S. 37 (1990)**. The clause

15

prohibits inter alia, the retroactive application of a law that "inflicts greater punishment, than the law annexed to the crime, when committed", **Calder, 3 U.S. at 390**. See also, **Weaver v. Graham, 450 U.S. 24, 31 (1981)**.

41.   In the present case, the State ignores the fact that it has taken good time credits away from Johnson that he had earned. Good time credits already earned are a protected liberty interest because the State has "pre-Truth-In-Sentencing Act of 1989-90" vested a statutory right to those credits. The Truth-In-Sentencing Act of 1989-90, namely **Section 4381(a)** does not overrule *or* repeal Johnson's earned merit good time. It is clear by statute, a prisoner serving a fixed term of 45 years can earn good time and merit good time. Thus, Johnson, by statute, is serving a fixed term of forty-five years. The statute was made law in 1964. Under **11 Del. C. Section 4346(c)**, Johnson was to serve a fixed term of 45 years.   Thus, literally, Johnson is not serving a natural life sentence. The Truth-In-Sentencing Act of 1989-90 must have no effect in Johnson's case.

42.   Johnson argued that **Section 4346(c)** required the Department of Corrections to consider his sentence as a fixed term of forty-five years with a right to earn merit good time off of the forty-five year sentence and be released on conditional release. Thus, Johnson is in fact and law serving a fixed term of 45 years. It is clear that **Section 4346(c)** refers to a fixed term of years that can be reduced by merit and good behavior credits, not in conflict, but in support of **Section 4346(a)**. The 1964 (not 1990) Delaware General Assembly included **Section 4346(c)** to give defendants like Johnson a fixed term of forty-five years. It would not be possible to serve 1/3 of a natural life sentence, nor could a natural life sentence be reduced by merit and good behavior credits. The 1964 General Assembly clearly intended those defendants sentenced under **Section 4346(c)** to serve a fixed term of 45 years.

16

43.    The State, as well as the 1964 General Assembly, clearly knew in order for the
       Department of Correction to comply with **11 Del. C. Sec. 4346(a)**, all inmates
       would have to be serving a fixed term of imprisonment. **"Shall"** is a mandatory
       word as it is used in **Section 4346(c)**. The Department of Correction **"did"** have
       Johnson as having been sentenced to a fixed term of 45 years, but failed to have
       his Status Sheet reflect that he had a max out date less good time and less merit
       behavior credits as well. See, Johnson's Status Sheet.

44.    In further support of Johnson's ex post facto claim, the State, by subversive
       tactics, starting with the Delaware General Assembly's enactment of an
       amendment to the State Code **(75 Del. Laws c.1** (referred to as House Bill No. 31)
       purporting to overrule **Evans v. State, 2004 WL2743546 (Del. Nov. 23, 2004)**
       which held that **11 Del. C. Section 4348** incorporates **Section 4346(c)**'s definition
       of a life sentence as a fixed term of 45 years); the Court however, subsequently
       withdrew its' initial decision in **Evans v. State** by a later en banc opinion decided
       on April 11, 2005 (see, **Evans v. State, 872 A.2d 539 (Del. 2005)** (withdrawing
       its' November 23, 2004 Opinion). The Court first addressed the constitutionality
       of the legislature's **House Bill No. 31** declaration, finding it unconstitutional and
       inoperative in it's entirety; **Evans at 552-553**. The Court then addressed the issue
       of whether **Evans** life sentence was for the term of his natural life (unless parole
       is granted), or for a fixed term of 45 years; **Evans at 558**. For the purposes of
       parole eligibility only, **Evans'** sentence is to be computed as a term of 45 years.
       The Court noted that a life sentence is equivalent to a fixed term of 45 years only
       for non-violent habitual offenders, under **Section 4214(a)** of the Truth-In-
       Sentencing Act of 1989; **Evans at 557**.

45.    **Evans v. State, 872 A.2d 539 (Del. 2005)** constitutes an unforeseeable judicial
       enlargement of a criminal statute, applied retroactively, which operated precisely
       like an ex post facto law, such as **Art. 1, Sec. 10** of the Constitution forbids. In

17

its' later decision, the Court held that inmates like Johnson who were sentenced to **4346(c)** so-called life imprisonment prior to the enactment of the Truth-In-Sentencing statutory scheme were not entitled to conditional release. Thus, following the erroneous decision in **Evans v. State, 872 A.2d 539 (Del. 2005)**, the State judiciary in the course of misconstruing legislation from the bench incorporated and retrospectively applied the Truth-In-Sentencing statutory scheme that prospectively eliminated good time credits for inmates serving a life sentence imposed for a Class A Felony. By eliminating such good time credits, the Court has misapplied **Evans v. State, 872 A.2d 539 (Del. 2005)** in determining that the General Assembly intended that a life sentence imposed for Class A Felonies prior to the Truth-In-Sentencing Act of 1989 would no longer be considered a term of 45 years, but rather would be a natural life sentence; see **Crosby v. State, 824 A.2d at 900.** The General Assembly, by amending the Delaware Code in this manner, implicitly recognized that before the amendments a life sentence was not for a persons' natural life, but rather for a 45-year term. This is where the rubber meets the road and the wrong made right.

46.    In addition, the Court's ruling in **Evans v. State, 872 A.2d 539 (Del. 2005)** also retrospectively held that **Crosby** does not control **Evans** case, that **Jackson v. Multi-Purpose Criminal Justice Facility, Del. Supra, 700 A.2d 1203 (1997)** controls **Evans'** case. The absurdity of the application of **Jackson,** 1997 to Johnson, 1984 until the Court's decision in **Evans, 2005** would be improper and unfair to alter or enlarge Johnson's sentence by canceling earned and accumulated good time credits. Therefore, the application of the 1990 amendment to the Truth-In-Sentencing Act of 1989 statutory scheme retrospectively to enhance Johnson's sentence violates the ex post facto clause of the United States Constitution and alternatively, the State's application of **Evans, 2005** retrospectively operates as an increase in punishment which violates Johnson's Fourteenth Amendment Right to Due Process. Accordingly, as the Supreme Court of Delaware had not spoken directly on the issue raised in the Truth-In-

Sentencing Act of 1989, or **Jackson v. Multi-Purpose Criminal Justice Facility, 700 A.2d 1203 (1997)**, or **Evans v. State, 872 A.2d 539 (Del. 2005)** and the 1964 Delaware General Assembly had in making it clear that **11 Del. C. Sec. 4346(c)** refers to a fixed term of years that can be reduced by merit and good behavior credits, not in conflict, but in support of **Section 4346(a)**. That the 1964 General Assembly included **Section 4346(c)** to give defendants a fixed term of 45 years, the 1964 General Assembly statutory scheme above referenced (not TIS, 1989) was the law which was clearly in effect at the time of Johnson's offense.

## VI.    FACTUAL AND LEGAL SUPPORT

47.    The factual claims and legal arguments that support the Petition for Writ of Habeas Corpus are fully set forth in Section V. herein. These factual claims and legal arguments are hereby incorporated by reference.

## VI.    EXHAUSTION

48.    Consistent with **28 U.S.C. Section 2254(b)**, all grounds for relief raised in this first amended petition for a writ of habeas corpus have previously been raised before the Delaware Superior and Delaware Supreme Courts. See Summary Dismissal Order of the Superior Court, **ID 8300498201** issued August 5, 2005 and **ORDER** of the Supreme Court in post conviction appeal **No. 503, 2005**, issued January 24, 2006.

19

## VII.    RELIEF REQUESTED

**WHEREFORE**, Petitioner Derrick L. Johnson prays that this Court:

49.    Permit Petitioner to file this First Amended Petition for Writ of Habeas Corpus consistent with the time limits set forth in **28 U.S.C. Section 2244**.

50.    Permit Petitioner to amend this petition to include any additional claims or allegations not presently known to him that are identified or uncovered in the course of review, discovery, investigation and litigation of this habeas corpus petition.

51.    Require Respondents to file an Answer to this petition in the form prescribed by **Rule 5** of **The Rules Governing Section 2254** cases in the United States District Court, identifying all State proceedings conducted in Petitioners' case, including any proceedings that have not been recorded or transcribed, and specifically admitting or denying the factual allegations set forth in this petition.

52.    Permit Petitioner to respond to any affirmative defenses raised by Respondent(s) in their Answer.

53.    Require Respondents to bring forth and file with this Court accurate and complete copies of all documents and proceedings relating to Petitioner's conviction and sentences, including the records and transcripts of his plea agreement, plea colloquy hearing and sentencing hearing in **State of Delaware v. Derrick L. Johnson, In and For New Castle County, Criminal Action No. IN83-07-1724, Cr. Id. 83004982DI.**

54.    Permit Petitioner to utilize the procedures for **Discovery in Habeas Corpus Rule 5, and Fed. R. Civ. P. 26 – 37**, to the extent necessary to fully develop and

identify the facts supporting this Petition, and any defenses thereto raised by Respondent(s) Answer.

55.    Conduct an Evidentiary Hearing to resolve any factual disputes raised in relation to the claims in this Petition, by Respondent(s) Answer to this Petition, or by Petitioner's Response to any of the affirmative defenses raised in Respondent(s) Answer.

56.    Allow Petitioner sufficient time to brief the issues of law raised by this Petition.

57.    Appoint Counsel for Petitioner under **Habeas Corpus Rule 8(c)** if an Evidentiary Hearing is required and/or under **18 U.S.C. Section 3006(a)** at any stage of the case if the interest of justice so requires.

58.    Issue a Writ of Habeas Corpus to direct Respondents to release the Petitioner from custody, unless he is given a new trial or new proceedings are conducted to cure all constitutional defects in the State proceedings that resulted in Petitioners present conviction and sentence.

**Dated this** $\underline{31}$ **day of** $\underline{December}$ **, 2006**

Respectfully submitted,

Derrick L. Johnson, Pro Se
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

21

# SENTENCE STATUS REPORT

# DELAWARE DEPARTMENT OF CORRECTION

| NUMBER | COMMITMENT NAME | INSTITUTION/AGENCY | DATE OF REPORT |
|---|---|---|---|
| | | DCC | |

## A SENTENCE STATUS REPORT IS SUBMITTED ON THE ABOVE INMATE, AS INDICATED BY CHECKED SECTION(S)

### 1. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS AS FOLLOWS:

| DATE SENTENCED OR CHARGED | | | INDICTMENTS - TERM - COURT | | | JUDGE - MAGISTRATE | | |
|---|---|---|---|---|---|---|---|---|
| MO. | DAY | YR. | | | | | *Correct* | |

| MAXIMUM - FULL TERM | | | GOODTIME AMOUNT | | | MAXIMUM - GOODTIME | | | EFFECTIVE DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| YRS. | MOS. | DAYS | YRS. | MOS. | DAYS | YRS. | MOS. | DAYS | MO. | DAY | YR. |
| | | | | | | | | | | 17 | |

| MAX - FT - EXPIRATION DATE | | | PAROLE ELIGIBILITY GOODTIME | | | MAX - GT - EXPIRATION DATE | | | PAROLE ELIGIBILITY DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MO. | DAY | YR. | YRS. | MOS. | DAYS | MO. | DAY | YR. | MO. | DAY | YR. |

| FINES | COSTS | RESTITUTION | BAIL |
|---|---|---|---|
| | | | |

| SPECIAL CONDITIONS: PAROLES - PROBATIONS - REMARKS ON SENTENCE | OFFENSES |
|---|---|
| | |

### 2. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS CHANGED AS FOLLOWS:

| TYPE OF CHANGE: | ☐ OVERLAPPING CONCURRENT SENT. | ☐ CONSECUTIVE SENT. | ☐ UNDERLAPPING CONCURRENT SENT. | ☐ RECONSIDERED SENTENCE | ☐ CORRECTED COMMITMENT | ☐ COMMUTED SENTENCE | ☐ RECOMPUTED SENTENCE |
|---|---|---|---|---|---|---|---|

| DATE SENTENCED OR CHARGED | | | INDICTMENTS - TERM - COURT | | | JUDGE - MAGISTRATE | | |
|---|---|---|---|---|---|---|---|---|
| MO. | DAY | YR. | | | | | *Incorrect* | |

| MAXIMUM - FULL TERM | | | GOODTIME AMOUNT | | | MAXIMUM - GOODTIME | | | EFFECTIVE DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| YRS. | MOS. | DAYS | YRS. | MOS. | DAYS | YRS. | MOS. | DAYS | MO. | DAY | YR. |
| | | | | | 30 | | | | | | |

| MAX - FT - EXPIRATION DATE | | | PAROLE ELIGIBILITY GOODTIME | | | MAX - GT - EXPIRATION DATE | | | PAROLE ELIGIBILITY DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MO. | DAY | YR. | YRS. | MOS. | DAYS | MO. | DAY | YR. | MO. | DAY | YR. |

| FINES | COSTS | RESTITUTION | BAIL |
|---|---|---|---|
| | | | |

| SPECIAL CONDITIONS: PAROLES - PROBATIONS - REMARKS ON SENTENCE | OFFENSES |
|---|---|
| | |

### 3. A DETAINER HAS BEEN LODGED AGAINST THIS INMATE AS FOLLOWS:

| FROM (INCLUDING ADDRESS) | CHARGING |
|---|---|
| | |

| DETAINER DATE | INDICTMENT-WARRANT NOS. | REMARKS |
|---|---|---|
| | | |

### 4. A DETAINER PREVIOUSLY LODGED AGAINST THIS INMATE HAS BEEN DROPPED AS FOLLOWS:

| FROM (INCLUDING ADDRESS) | CHARGING |
|---|---|
| | |

| DETAINER DATE | INDICTMENT-WARRANT NOS. | METHOD OF DISPOSITION | REMARKS |
|---|---|---|---|
| | | | |

### 5.

| REPORTING OFFICER'S SIGNATURE | REPORTING OFFICER'S NAME - TITLE |
|---|---|
| | |

**SENTENCE STATUS REPORT**                    **DELAWARE DEPARTMENT OF CORRECTION**

| NUMBER | COMMITMENT NAME | | INSTITUTION/AGENCY | DATE OF REPORT |
|---|---|---|---|---|
| | | | DCC | 6/5/0? |

**A SENTENCE STATUS REPORT IS SUBMITTED ON THE ABOVE INMATE, AS INDICATED BY CHECKED SECTION(S)**

### 1. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS AS FOLLOWS:

Correct

| DATE SENTENCED OR CHARGED | | | INDICTMENTS - TERM - COURT | | | JUDGE - MAGISTRATE | | |
|---|---|---|---|---|---|---|---|---|
| MO. | DAY | YR. | | | | | | |

| MAXIMUM - FULL TERM | | | GOODTIME AMOUNT | | | MAXIMUM - GOODTIME | | | EFFECTIVE DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| YRS. | MOS. | DAYS | YRS. | MOS. | DAYS | YRS. | MOS. | DAYS | MO. | DAY | YR. |
| | | | | | | | | | | 17 | |

| MAX - FT - EXPIRATION DATE | | | PAROLE ELIGIBILITY GOODTIME | | | MAX - GT - EXPIRATION DATE | | | PAROLE ELIGIBILITY DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MO. | DAY | YR. | YRS. | MOS. | DAYS | MO. | DAY | YR. | MO. | DAY | YR. |

| FINES | COSTS | RESTITUTION | BAIL |
|---|---|---|---|
| | | | |

| SPECIAL CONDITIONS: PAROLES - PROBATIONS - REMARKS ON SENTENCE | OFFENSES |
|---|---|
| | |

### 2. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS CHANGED AS FOLLOWS:

| TYPE OF CHANGE: | [ ] OVERLAPPING CONCURRENT SENT. | [ ] CONSECUTIVE SENT. | [ ] UNDERLAPPING CONCURRENT SENT. | [ ] RECONSIDERED SENTENCE | [ ] CONNECTED COMMITMENT | [ ] COMMUTED SENTENCE | [ ] RECOMPUTED SENTENCE |
|---|---|---|---|---|---|---|---|

Incorrect

| DATE SENTENCED OR CHARGED | | | INDICTMENTS - TERM - COURT | | | JUDGE - MAGISTRATE | | |
|---|---|---|---|---|---|---|---|---|
| MO. | DAY | YR. | | | | | | |

| MAXIMUM - FULL TERM | | | GOODTIME AMOUNT | | | MAXIMUM - GOODTIME | | | EFFECTIVE DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| YRS. | MOS. | DAYS | YRS. | MOS. | DAYS | YRS. | MOS. | DAYS | MO. | DAY | YR. |
| | | | | | 00 | | | | | | |

| MAX - FT - EXPIRATION DATE | | | PAROLE ELIGIBILITY GOODTIME | | | MAX - GT - EXPIRATION DATE | | | PAROLE ELIGIBILITY DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MO. | DAY | YR. | YRS. | MOS. | DAYS | MO. | DAY | YR. | MO. | DAY | YR. |
| | | | | 10 | 25 | | 21 | | | | |

| FINES | COSTS | RESTITUTION | BAIL |
|---|---|---|---|
| | | | |

| SPECIAL CONDITIONS: PAROLES - PROBATIONS - REMARKS ON SENTENCE | OFFENSES |
|---|---|
| | |

### 3. A DETAINER HAS BEEN LODGED AGAINST THIS INMATE AS FOLLOWS:

| FROM (INCLUDING ADDRESS) | CHARGING |
|---|---|
| | |

| DETAINER DATE | INDICTMENT-WARRANT NOS. | REMARKS |
|---|---|---|
| | | |

### 4. A DETAINER PREVIOUSLY LODGED AGAINST THIS INMATE HAS BEEN DROPPED AS FOLLOWS:

| FROM (INCLUDING ADDRESS) | CHARGING |
|---|---|
| | |

| DETAINER DATE | INDICTMENT-WARRANT NOS. | METHOD OF DISPOSITION | REMARKS |
|---|---|---|---|
| | | | |

### 5.

| REPORTING OFFICER'S SIGNATURE | REPORTING OFFICER'S NAME - TITLE |
|---|---|
| | |

*Return to*
*Client.*

## SUPERIOR COURT
### OF THE
## STATE OF DELAWARE

NORMAN A. BARRON
*JUDGE*

COURT HOUSE
WILMINGTON, DE. 19801-3353

August 31, 1994

Mr. Luther L. Jones
Delaware Correctional Center
Smyrna Landing Road
Smyrna, DE 19977

      RE:   *State v. Luther L. Jones*
            <u>Cr. A. No. 1343, 1970</u>

Dear Mr. Jones:

      The Court is in receipt of your letter which was filed with the Prothonotary on August 10, 1994. In your letter, you raise questions about your eligibility for earned good time and early release. As best as the Court can discern, you pleaded guilty to Murder in the second degree on July 29, 1971. On September 24, 1971, you were sentenced to a term of imprisonment for the rest of <u>your natural life</u> commencing on June 10, 1970. Thus, you have already served more than 24 years on this sentence.

      I can tell you that at the time you entered your plea, the statute in question read as follows:

      § 572. *Murder in the second degree.*

      Whoever commits the crime of murder other than murder in the first degree, is guilty of murder in the second degree and of a felony, and shall be imprisoned for life, and may be fined in such amount as the court, in its discretion, may determine.

      What is noteworthy, in the Court's view, is that under the old Criminal Code, offenses were not denominated by degree, such as class A or class B. Murder in the second degree was merely denominated as "a felony."

      On July 17, 1989, the Governor signed into law 67 *Del.Laws*, c. 130, to take effect with respect to *all crimes committed as of 12:01 a.m., June 30, 1990, or thereafter.* (Emphasis added.) One part of this new law which is known as the Truth in Sentencing Act of 1989, is 11 *Del. C.* § 4381, which at subsection (a) states:

*State v. Luther L. Jones*
Cr.A. No. 1343, 1970
August 31, 1994
Page 2

    (a)    All sentences imposed for any offense *other than a life sentence imposed for class A felonies* may be reduced by earned good time under the provisions of this section and rules and regulations adopted by the Commissioner of Corrections.  (Emphasis added.)

    Although other statutes may well be involved, based on the two cited above,[1] I would conclude that you are probably eligible for earned good time credits.  But, before you do anything, I would advise you getting together with William Killen, Legal Manager, Public Defender's Office.  Show him my letter and ask him to do further research for you.  I am sure he would be happy to assist you.

    I trust this is helpful.  I regret it cannot be more definitive.

                              Very truly yours,

NAB:pn
xc:  Mr. William Killen
       Prothonotary
       File (JONES)

---

[1]Another statute under the old Criminal Code, 11 *Del.C.* § 4346(a), states in pertinent part, that "A person confined . . . may be released on parole by the Board if he has served 1/3 of the term imposed by the Court.  . . ."  Another statute, 11 *Del.C.* § 4346(c), states, in pertinent part, that a "person sentenced to imprisonment for life shall be considered as having been sentenced to a fixed term of 45 years."  As stated, it appears that you have already served more than 50% of your sentence.





# PUBLIC DEFENDER OF THE STATE OF DELAWARE
ELBERT N. CARVEL STATE OFFICE BUILDING
820 NORTH FRENCH STREET, FIFTH FLOOR
P. O. BOX 8911
WILMINGTON, DELAWARE 19801
PHONE 571-3230

**LAWRENCE M. SULLIVAN**
DEFENDER

DOVER OFFICE
ASSISTANT DEFENDERS
DUANE D. WERB
ROBERT P. LOBUE
THOMAS D. H. BARNETT
JOSEPH A. GABAY
101 COURT STREET
DOVER, DE 19901

GEORGETOWN OFFICE
ASSISTANT DEFENDERS
KARL HALLER
HOWARD W. HUDSON, JR.
STEPHEN CALLAWAY
S. BEDFORD & PINE STS.
GEORGETOWN, DE 19947

CHIEF DEPUTY
ANGELO FALASCA

ASSISTANT DEFENDERS
JOHN F. HYDE
RICHARD M. BAUMEISTER
JOSEPH B. GREEN
HAROLD N. GREEN
DAVID M. LUKOFF
HOWARD F. HILLIS
GREGG E. WILSON
JAMES R. LALLY
EDWARD C. PANKOWSKI, JR.
EDWARD F. EATON
J. DALLAS WINSLOW, JR.
RUTH L. MATRUDER
JAMES A. BAYARD, JR.
RAYMOND J. OTLOWSKI
RAYMOND J. HANCOCK
PETER N. LETANG
DAVID J. FACCIOLO
EDMUND M. HILLIS
BRIAN J. BARTLEY
NANCY JANE MULLEN
PATRICIA C. HANNIGAN
JOHN H. McDONALD
TIMOTHY N. COLLINS
R. STOKES NOLTE

September 16, 1985

Mr. Charles Duffy
Sussex Correctional Inst.
Georgetown, Del. 19947

Dear Charles:

This will confirm what happened on 9/13/85 before Judge
Tease with Prosecutor Sandy present.    At that time you were
sentenced on rape in the first degree.

Prior to sentencing I reviewed my pre-sentence remarks
with you.

Prosecutor Sandy said he "prayed" that you would never
released.   This seemed to me to be extreme behavior, to say
the least.

Judge Tease sentenced you to life defined as 45 years
imprisonment.   Twenty years of this is mandatory.

I asked   Judge Tease to make remarks concerning advisability
of your transfer to Pennsylvania but he declined to do so.  I did
so on your behalf.

Also, I got the prosecutor to state in the record that he
no objection to your going to Pennsylvania.

I hope that the transfer can be worked out so that you can
receive therapy from Dr. Canals.

Yours truly,

(Q)