IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DERRICK L. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 07-11-SLR |
| | ) |
| THOMAS CARROLL, | ) |
| Warden, and ATTORNEY | ) |
| GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

**I.   BACKGROUND**

In 1991, petitioner Derrick L. Johnson filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1984 conviction and life sentence (with parole eligibility) for second degree murder. See generally Johnson v. Redman, C.A. 91-158-JJF. The application asserted four grounds for relief: (1) the Delaware Superior Court erred in refusing the consider the merits of petitioner's Rule 61 motion; (2) counsel provided ineffective assistance of counsel; (3) there was no factual basis for petitioner's guilty plea and the guilty plea was involuntary and unknowing; and (4) prosecutorial misconduct. The Honorable Joseph J. Farnan, Jr. denied the application as procedurally barred. See Johnson v. Redman, C.A. 91-158-JJF, Mem. Op. (D. Del. Mar. 25, 1993).

In 2007, petitioner filed the pending § 2254 application and a supporting memorandum asserting the following three claims: (1) Delaware's retroactive application of <u>Evans v. State</u>, 872 A.2d 539 (Del. 2005) to enhance petitioner's sentence violates the ex post facto clause; (2) Delaware's retroactive application of <u>Evans v. State</u>, 872 A.2d 539 (Del. 2005) to eliminate petitioner's accrued good merit and good time credits and his right to conditional release violates the ex post facto clause; and (3) Delaware's retroactive application of the 1990 amendments to the Truth-In-Sentencing Act of 1989 to enhance petitioner's fixed term of 45 years to natural life imprisonment violates the ex post facto clause. (D.I. 1; D.I. 2)

## II.  DISCUSSION

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires petitioners to first obtain authorization from the appropriate court of appeals before filing a second or subsequent habeas petition in district court. 28 U.S.C. § 2244(b)(3)(A); <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 125 S.Ct. 2641, 2646 (2005)("before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions"). AEDPA does not define the term "second or successive" habeas petition.

However, the Third Circuit Court of Appeals has explained that the pre-AEDPA "abuse of the writ" doctrine should be applied in determining whether a habeas petition is "second or successive." Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005). Consequently, if a new habeas petition challenges the same conviction and sentence challenged and denied on the merits in the first petition, and the new petition asserts a claim that could have been raised in a prior habeas petition, that claim is considered "second or successive" within the meaning of § 2244. Id.; In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003). Additionally, if the new habeas petition asserts a new claim that could not have been raised in the prior habeas petition, the petition is second or successive unless the new claim fits within the exceptions explicitly recognized under § 2244(b)(2). These requirements under AEDPA apply even if the first petition was filed and decided before AEDPA's enactment. See Benchoff, 404 F.3d at 817-18; In re Olabode, 325 F.3d at 169-73.

Petitioner's first habeas application was denied on the merits.[1] After reviewing petitioner's pending application within

---

[1] In accord with other circuits, the Third Circuit views a dismissal for a procedural default as an adjudication on the merits for the purpose of determining whether a subsequent habeas application is successive or second. See Hernandez v. Diguglielmo, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005)(collecting cases); Rauso v. Pennsylvania Board of Probation & Parole, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004)(in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted

3

the framework provided by the foregoing principles, the court concludes that petitioner has filed a second or successive habeas application. Claim three is second or successive because the 1990 amendments to the Truth-in-Sentencing Act of 1989 were enacted prior to 1992 and petitioner could have raised the claim in his 1992 habeas application. Additionally, although claims one and two could not have been included in petitioner's 1992 petition because <u>Evans</u> was not decided until 2005, the two claims are second or successive because the <u>Evans</u> decision does not fit within the exceptions to the "second or successive" bar contained in § 2244(d). More specifically, the rule announced in <u>Evans</u> is not a new rule of constitutional law "made retroactive to cases on collateral review by the Supreme Court," nor is it a "factual predicate" that could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(b)(2)(A),(B)(i).

The record reveals that petitioner did not obtain the requisite permission from the Third Circuit Court of Appeals to file his second or successive application. Therefore, the court will dismiss the application for lack of jurisdiction. <u>See</u> 28 U.S.C. § 2244(b)(1); <u>Robinson v. Johnson</u>, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the

---

that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition.").

4

permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

### III. CONCLUSION

For the reasons set forth above, at Wilmington this ᴊ₁ʜ day of February, 2007;

IT IS ORDERED that:

1. Petitioner Derrick L. Johnson's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is DISMISSED and the writ is DENIED. (D.I. 1; D.I. 2)

2. Petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. See United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2 (2002).

3. Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the clerk shall forthwith serve a copy of the petition and this order upon: (1) the above-named warden of the facility in which petitioner is housed; and (2) the Attorney General for the State of Delaware.

4. The clerk shall also send a copy of this order to petitioner at his address on record.

_____
United States District Court